Contracts; disputes; exhaustion of administratwe remedies; delay of contracting officer in rendering decision. — On January 24,1975 the court issued the following order:
Before davis, Judge, Presiding, kashiwa and kunzig, Judges.
“This case comes before the court on defendant’s motion, filed March 22,1974, for summary judgment and on plaintiff’s motion, filed April 29,1974, for summary judgment, having been submitted and considered on the briefs and oral argument of counsel.
“Defendant seeks dismissal of the petition on the ground that plaintiff failed to exhaust its administrative remedies in that it prematurely filed suit before the contracting officer had rendered his formal final decision on the dispute, and before an undue time had elapsed. Plaintiff urges that the contracting officer’s delay rendered the remedy under the contract inadequate and unavailable, thus permitting suit in this court. The record clearly shows that the plaintiff knew when it filed its petition here that in all probability the contracting officer intended to rule against it and had so indicated, although the formal “final decision” of the contracting officer had not yet issued. When suit was filed, less than four months had elapsed since the dispute first arose, and in the interim there had been negotiations and efforts to resolve the controversy. There were some further negotiations after this action was begun on November 26, 1973; when these failed the contracting officer issued a formal final decision on Janu *849 ary 2, 1974. The contractor appealed from that formal final decision but also asked the Board to dismiss the appeal. The Board granted that motion without prejudice, permitting the plaintiff to reinstate his appeal if such action becomes appropriate because of action taken by the Court of Claims or otherwise.’
“In the circumstances, we hold that the delay from August to November in the rendering of the contracting officer’s final decision was not so unreasonable as to warrant suit in this court and that the contractor prematurely sought judicial relief. See Zidell Explorations, Inc. v. United States, 192 Ct. Cl. 331, 427 F. 2d 735 (1970); Clement Brothers Co. v. United States, 190 Ct. Cl. 50, 418 F. 2d 1350 (1969); Sun Shipbuilding & Dry Dock Co. v. United States, 198 Ct. Cl. 693, 461 F. 2d 1352, cert. denied, 409 U.S. 1023 (1972); Aerojet-General Corp. v. United States, 205 Ct. Cl. 823 (1974).
“We also hold that the dispute falls under the contract and, as the Board said in its order dismissing the appeal without prejudice, that it has jurisdiction to consider and finally determine the appeal and afford, if warranted, a complete remedy under the contract. See Zidell Explorations, Inc. v. United States, supra. The preferable procedure in this instance, in which an appeal was actually filed with the ASBCA and the Board acted on the case, is to remand to the ASBCA which can and should, as the dismissal order expressly provides, reinstate the appeal under its Rule 30. Cf. Aerojet-General Corp. v. United States, supra.
“it is thereeore ordered that plaintiff’s motion for summary judgment is denied and defendant’s motion for summary judgment is granted to the extent that the case is remanded, pursuant to Buie 149, to the Armed Services Board of Contract Appeals for further proceedings under the contract with further proceedings before this court stayed for a period of six (6) months from the date hereof. Plaintiff’s counsel is designated to advise the court by letter to the trial judge of the status of the remand proceedings pursuant to Buie 149(f). Attention of counsel and the Board is also directed to Buie 150.”