“This case is before the court on defendant’s motion to dismiss, plaintiff’s cross-motion for summary judgment, and defendant’s motion for suspension of proceedings on plaintiff’s cross-motion for summary judgment. Plaintiff contracted with defendant for the manufacture of equipment. Under the contract, plaintiff was to be paid upon completion of Phase I of the contract, and in accordance with an incentive price revision clause. After completion of Phase I, plaintiff forwarded to defendant a contract pricing proposal. Government auditors came to plaintiff’s plant for a price audit on August 4, 1975. Prior to proceeding with the audit, the auditors were informed that plaintiff would not permit them to remove certain proprietary information from the plant. The auditors left the plant, refusing to conduct the audit under such conditions. Plaintiff sent defendant an invoice for final payment and demanded a final decision on the *566 claim by the contracting officer. On September 22,1975, the contracting officer informed plaintiff that, since the auditors were not able to conduct the audit under plaintiff’s restrictions, the problem had not reached the point of a “dispute,” and he could make no final decision at that time on the amount of the claim. Subsequent negotiations between the parties ensued. Plaintiff filed suit in this court on January 8,1976. The contracting officer issued a final decision, denying payment of the amount claimed for lack of a meaningful audit, on January 21, 1976. Plaintiff appealed this decision of the contracting officer to the Armed Services Board of Contract Appeals (ASBCA) on February 17,1976.
“The issue in this case is whether the delay by the contracting officer was so unreasonable as to relieve plaintiff of the obligation to exhaust administrative remedies. The standard to be followed involving the reasonableness of a contracting officer’s delay was set out in Sun Shipbuilding & Dry Dock Co. v. United States, 198 Ct. Cl. 698, 702-03, 461 F. 2d 1352, 1358, cert. denied, 409 U.S. 1023 (1972):
There is, of course, no rule of thumb for appraising delays in the contractual-administrative process. Like all tribunals, the procuring agency has considerable discretion and leeway in controlling its procedure, and must have due time to decide fairly. On the other hand, it cannot abuse its discretion by dragging its feet so lead-enly that the delay becomes intolerable. The overall standard for evaluating the propriety of a delay looks to the particular case and the particular situation: the agency “cannot wait indefinitely before making a decision, but must act within a reasonable time under the existing facts and circumstances.”
If the delay is reasonable, plaintiff should be required to exhaust available administrative remedies. If the delay is unreasonable, plaintiff’s claim may be cognizable in this court in a breach of contract action. Universal Ecsco Corp. v. United States, 181 Ct. Cl. 10, 17-18, 385 F. 2d 421, 425-26 (1967).
“Weighing all the facts and circumstances of this case, we conclude that plaintiff should be required to exhaust its administrative remedies before the ASBCA before proceeding with its claim in this court. Several factors distinguish this case from situations, such as Universal Ecsco Corp., *567 where the court has not required a plaintiff to first exhaust administrative remedies due to unreasonable delay by the Government. The time period between the onset of the controversy on August 4,1975 and the filing of suit in this court on January 8,1976 was only five months. The continued negotiations between the parties during this period left defendant with a reasonable expectation that a settlement could be reached by the parties without resorting to litigation. Plaintiff’s interests can be legitimately protected by first proceeding through the ASBCA. This court will be available for plaintiff to seek review of any adverse decision by the ASBCA, if such a step becomes necessary.
“The proper procedure to follow where an appeal has actually been filed with the ASBCA is to stay further proceedings in this court and remand the case to the ASBCA. RFI Shield-Rooms v. United States, 206 Ct. Cl. 848, 849 (1975).
“it is thekefoke ordered that the case is remanded, pursuant to Bule 149, to the ASBCA for further proceedings under the contract. Further proceedings before this court are stayed for a period of six (6) months from the date of this Order. Plaintiff’s counsel is designated to advise the court by letter to the trial judge of the status of the remand proceedings pursuant to Buie 149(f). Attention of counsel and the ASBCA is also directed to Buie 150. Defendant’s motion to dismiss without prejudice, plaintiff’s cross-motion for summary judgment, and defendant’s motion for suspension of proceedings on plaintiff’s cross-motion for summary judgment are denied.”